UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES, JR., | ) 1:11-cv—00620-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DIRECTING PETITIONER TO |
| | ) SHOW CAUSE IN WRITING NO LATER |
| | ) THAN TWENTY-ONE (21) DAYS AFTER |
| v. | ) THE DATE OF SERVICE OF THIS ORDER |
| | ) WHY THE ACTION SHOULD NOT BE |
| STATE OF CALIFORNIA, | ) DISMISSED FOR FAILURE TO FILE A |
| | ) COMPLETED § 2254 PETITION FORM |
| Respondent. | ) AND TO FOLLOW AN ORDER OF THE |
| | ) COURT (DOCS. 1, 9) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.

I.  Background

Petitioner filed the petition in the United States District Court for the Northern District of California on January 5, 2011. On March 4, 2011, the court issued an order in which it noted that Petitioner, who had filed his action on a civil rights form, appeared to be challenging a conviction; however, he had failed to allege necessary information concerning exhaustion of state

1

1  court remedies.  The court concluded that it could not fairly
2  evaluate the habeas action in its present state; it ordered the
3  case reclassified as a habeas corpus action, and it further
4  ordered Petitioner to file within thirty days a habeas petition
5  to be completed on an attached 28 U.S.C. § 2254 form.  The court
6  stated that if Petitioner did not file a completed § 2254 habeas
7  petition form within the thirty-day deadline, the case would be
8  dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).
9  The order was served by mail on Petitioner on March 4, 2011.
10 (Doc. 9, 5.)
11     To date, over thirty days have passed, but Petitioner has
12 neither filed a completed habeas petition form nor timely sought
13 an extension of time in which to file such a petition.
14     A failure to prosecute and comply with an order of the Court
15 may result in sanctions, including dismissal, pursuant to the
16 inherent power of the Court or the Federal Rules of Civil
17 Procedure.  Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers
18 v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).
19     II.  Disposition
20     Accordingly, it is ORDERED that:
21     1. No later than twenty-one (21) days after the date of
22 service of this order, Petitioner shall show cause why this
23 action should not be dismissed for failure to obey the order of
24 the United States District Court for the Northern District of
25 California of March 4, 2011; Petitioner shall show cause in
26 writing because the Court has determined that no hearing is
27 necessary; and
28 ///

    2. The failure to respond to this order will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   May 3, 2011**                           **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE