UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES, JR., | ) 1:11-cv—00620-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) PETITIONER'S FAILURE TO FOLLOW A |
| | ) COURT ORDER AND PROSECUTE THE |
| v. | ) CASE (DOCS. 9, 15, 1) |
| | ) |
| STATE OF CALIFORNIA, | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| Respondent. | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| | ) CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on April 28, 2011 (doc. 14).

I. <u>Background</u>

Petitioner filed the petition in the United States District Court for the Northern District of California on January 5, 2011. On March 4, 2011, the court issued an order in which it noted

1

that Petitioner, who had filed his action on a civil rights form, appeared to be challenging a conviction; however, he had failed to allege necessary information concerning exhaustion of state court remedies.  The court concluded that it could not fairly evaluate the habeas action in its present state.  It ordered the case reclassified as a habeas corpus action, and further ordered Petitioner to file within thirty days a habeas petition after completing an attached 28 U.S.C. § 2254 form.  The court stated that if Petitioner did not file a completed § 2254 habeas petition form within the thirty-day deadline, Petitioner was informed that the case would be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).  The order was served by mail on Petitioner on March 4, 2011.  (Doc. 9, 5.)

After the deadline for filing the amended petition had passed, the case was transferred to this Court on April 15, 2011. On May 4, 2011, this Court issued an order to Petitioner to show cause within twenty-one (21) days why the action should not be dismissed for failure to file a completed petition and to follow an order of the Court.  The order was served by mail on Petitioner on the same date.  To date, over twenty-one days have passed, but Petitioner has not responded to the Court's order to show cause.

II.  <u>Dismissal of the Petition</u>

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in

2

the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest

in managing the docket weigh in favor of dismissal, as the case has been pending since January 2011. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order directing Petitioner to file an amended petition expressly informed Petitioner that failure to respond to the order would result in dismissal of the action. (Doc. 9, 3.) Further, the Court's order to show cause warned Petitioner that a failure to respond would result in dismissal of the action. (Doc. 15, 3.) Thus, Petitioner received adequate warning that dismissal would result from his noncompliance with the Court's order.

    The Court concludes that the action should be dismissed for Petitioner's failure to follow a court order and to prosecute the case.

    III.   Certificate of Appealability

    Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state

4

court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
///

1      Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

       Accordingly, the Court will decline to issue a certificate of appealability.

       IV.   <u>Disposition</u>

       Accordingly, it is ORDERED that:

       1)   The petition is DISMISSED pursuant to Local Rule 110 for Petitioner's failure to comply with the Court's order and to prosecute this action; and

       2) The Court DECLINES to issue a certificate of appealability; and

       3)   The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

**Dated:   June 14, 2011**                   **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE